IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 FEB 12  PM 3: 29

CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

TARENCE WHITWORTH, #417588          *
           Plaintiff,
          v.                          *    CIVIL ACTION NO. JKB-14-3826

WARDEN                              *
DIETARY DEPT.
MEDICAL DEPT.                       *
              Defendants.
                *****

## MEMORANDUM

On December 5, 2014, the court received Tarence Whitworth's letter complaining that on June 21, 2014, he received and ate a meal that contained maggots. ECF No. 1. He asserts that although he was sent to the medical department, healthcare staff "disregarded" his complaints and sent him back to his housing unit without medical treatment. The letter was construed as a 42 U.S.C. § 1983 civil rights action and instituted as the above-captioned complaint. On December 24, 2014, plaintiff filed a court-ordered indigency motion and supplemental complaint. The supplement essentially reiterates Whitworth's claim that his lunch dessert contained maggots and that a nurse in the medical department disregarded his complaint of "frequent regurgitation." Plaintiff's motion for leave to proceed in forma pauperis shall be granted. The complaint shall, however, be summarily dismissed.

The Eighth Amendment requires that prisoners be provided with basic human necessities such as "food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 533 (1994). "To establish an Eighth Amendment violation of cruel and unusual punishment, a prisoner-plaintiff must show that a state actor acted with deliberate indifference—knowing disregard—to a substantial risk of serious harm to an inmate. Prisons and detention facilities are required to provide

"nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *See French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents. *Divers v. Dep't of Corrs.*, 921 F.2d 191, 196 (8th Cir. 1990); *see also Madyun v. Thompson*, 657 F.2d 868, 874–75 (7th Cir. 1981) (allegation that food served to segregated prisoners was cold and not on the menu served to general prison population was insufficient to state an Eighth Amendment violation); *Hoitt v. Vitek*, 497 F.2d 598, 601 (1st Cir. 1974) (prisoners' allegation of deprivation of hot meals failed to state a claim of cruel and unusual punishment, given the stipulation that three meals were provided daily); *Prophete v. Gilless*, 869 F.Supp. 537 (W.D. Tenn. 1994) (food that was cold by the time it was served did not constitute cruel and unusual punishment). Further, "[O]ccasional incidents of a foreign object contained in food, while regrettable, does not present a question of constitutional proportion." *Lunsford v. Reynolds*, 376 F. Supp. 526, 528 (W.D. Va. 1974); *see also Green v. Atkinson*, 623 F.3d 278, 280–81 (5th Cir. 2010); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985); *Sinclair v. Henderson*, 331 F. Supp. 1123 (E.D. La. 1971).

In this case, Whitworth alleges only one incident of the presence of a foreign substance. However, the prior cases reviewing instances of food poisoning or foreign substances have always been based on negligence. As Whitworth raises his allegations as a one-time event, to the extent that officials were not aware of the alleged contamination, it should be analyzed under the established standard and there is no constitutional violation. *See Green*, 623 F.3d 278, 281 (5th Cir. 2010).

Further, in order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate

2

indifference to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976);

*see also Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). There is no allegation or showing that

Whitworth suffered from a serious medical need as a result of his allegedly eating the maggots found

in his lunch meal and that the prison nurse ignored that significant condition. Therefore, his § 1983

claim against defendants will be dismissed for the failure to state a claim upon which relief may be

granted.

Because plaintiff's § 1983 complaint alleges an infringement of a constitutional right that

does not exist and is premised on an "indisputably meritless legal theory," the dismissal is pursuant

to 28 U.S.C. § 1915(e).[1] This constitutes the first 28 U.S.C. § 1915(e) dismissal to be charged to

plaintiff. He is hereby notified that he may be barred from filing future suits in forma pauperis if he

continues to file federal civil rights actions that are subject to dismissal under § 1915(e) because they

are deemed frivolous or malicious or because they fail to state a claim for relief under Federal Rule

of Civil Procedure 12(b)(6).[2] A separate Order follows reflecting the opinion set out herein.

---

[1]    28 U.S.C. § 1915(e)(2) states that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the court determines thatB
>
> (A)   the allegation of poverty is untrue; or
> (B)   the action or appeal--
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such
> relief.

[2]    28 U.S.C. § 1915(g) states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a
> civil action or proceeding under this section if the prisoner has, on 3 or more
> prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the

DATED this __12__ day of February, 2015.

BY THE COURT:

James K. Bredar
United States District Judge

---

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.

4